```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
NUSANTARA FOUNDATION INC. and                               :
DEVIRA EDITHA CHERMANSYAH,                                  :
                                                            :
                                    Plaintiffs,             :      19-CV-3355 (VSB)
                                                            :
                 - against -                                :      OPINION & ORDER
                                                            :
                                                            :
U.S. DEPARTMENT OF STATE;                                   :
MICHAEL R. POMPEO, in his official                          :
capacity as Secretary; JOSEPH R.                            :
DONOVAN, Jr., in his official capacity as                   :
Ambassador to Indonesia,                                    :
                                                            :
                                    Defendants.             :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/2020

Appearances:

Edward J. Cuccia
Edward J. Cuccia, PC
New York, NY
*Counsel for Plaintiff*

Rebecca Ruth Friedman
Simon Nakajima
U.S. Attorney's Office, SDNY
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Plaintiffs Nusantara Foundation Inc. ("Nusantara Foundation") and Devira Editha Chermansyah ("Chermansyah") (collectively "Plaintiffs") bring this action under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, seeking judicial review of the denial by the U.S. Department of State ("DOS") of issuance of an R-1 religious worker visa to Chermansyah to teach Islamic religious studies at Nusantara Foundation. Defendants U.S. Department of State, Michael R. Pompeo ("Pompeo")—in his

official capacity as Secretary of the Department of State—and Joseph P. Donovan ("Donovan")—in his official capacity as Ambassador to Indonesia—(collectively "Defendants"), move to dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) and the doctrine of consular nonreviewability.  Because Defendants have identified a "facially legitimate and bona fide reason," *Kleindienst v. Mandel,* 408 U.S. 753, 769-70 (1972), for Chermansyah's visa denial, Defendants' motion to dismiss is GRANTED.

### I.  Factual Background[1]

Nusantara Foundation is a tax exempt § 501(c) religious organization located in New York, New York, and Chermansyah is a citizen of Indonesia.  (FAC ¶ 10–12.)  Nusantara Foundation is a Sunni Islamic religious foundation that promotes interfaith dialogue and offers classes to further the understanding of the Islamic faith.  (FAC ¶ 17.)  Chermansyah is a member of the Sunni Islamic faith, and is an Islamic religious studies teacher residing in Indonesia.  (*Id.* ¶ 18.)

On or about January 2, 2017, Nusantara Foundation filed an R-1 religious worker visa petition on behalf of Chermansyah with the Department of Homeland Security ("DHS").  (*Id.* ¶ 19.)  That R-1 religious worker visa petition was received and assigned the Receipt Number WAC-17-097-50644.  (*Id.*)  On October 5, 2017, DHS approved that R-1 religious worker visa petition and the matter was transferred to the Indonesia Embassy for visa issuance.  (*Id.* ¶ 20.)

---

[1] This factual background is derived from the allegations in Plaintiffs' First Amended Complaint.  (Doc. 32 (the "FAC").)  I assume the allegations set forth in the First Amended Complaint to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  However, my references to these allegations should not be construed as a finding as to their veracity, and I make no such findings in this Opinion & Order.  In addition to the First Amended Complaint, I take judicial notice of the letter attached as Exhibit 1 to the Declaration of Bryan M. Giblin, submitted by Defendants.  (Doc. 36-1 ("Aug. 6, 2019 Letter").)  This letter is authored by the U.S. Embassy in Jakarta, is dated August 6, 2019, and is addressed to Plaintiff Chermansyah, (*id.*), and has been incorporated by reference in the First Amended Complaint, (FAC ¶ 23).  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (A complaint is "deemed to include . . . any statements or documents incorporated in it by reference.").

On October 20, 2017 and again on July 27, 2018,[2] Chermansyah appeared at the Indonesia Embassy for R-1 religious worker visa interviews. (*Id.* ¶ 21.) After each interview, the Indonesia Embassy found Chermansyah ineligible for an R-1 religious worker visa and denied the applications. (*Id.* ¶ 22.) On August 6, 2019, subsequent to the filing of the instant action, a consular officer of the United States at the Indonesian Embassy provided a letter addressed to Ms. Chermansyah. (*Id.* ¶ 23; *see also* Aug. 6, 2019 Letter.) The letter set forth the bases for the visa denials described above, specifically that on two separate occasions, consular officers determined that Chermansyah was "ineligible for a visa under Section 214(b) of the INA" and that Chermansyah "failed to demonstrate that [her] activities would be consistent with [her] intended visa classification and that [she] would depart the United States upon conclusion of R status." (FAC ¶ 23; *see also* Aug. 6, 2019 Letter (citing 9 F.A.M. 402.16-6; 8 C.F.R. 214.2(r).) As a result of DOS' actions, Nusantara Foundation is unable to utilize the services of Chermansyah as an R-1 religious worker and Islamic religious studies teacher and is unable to have Chermansyah present her views in the United States. (*Id.* ¶ 24.)

## II. Procedural History

Plaintiffs filed the Complaint in this action on April 23, 2019. (Doc. 10.)[3] After Defendants filed a motion to dismiss the Complaint on October 10, 2019, (Docs. 27–30), Plaintiffs filed the First Amended Complaint, (Doc. 32), and I entered an Order denying Defendants' initial motion to dismiss as moot, (Doc. 33). On November 14, 2019, Defendants filed a motion to dismiss Plaintiffs' First Amended Complaint, supported by a memorandum of

---

[2] As noted by Defendants, the First Amended Complaint states that Chermansyah's second interview occurred on October 23, 2017. (FAC ¶ 21.) The August 6, 2019 Letter provided by Defendants clarifies that the second interview occurred on July 27, 2018, and Plaintiffs' opposition memorandum of law does not dispute this clarification of the record. Accordingly, I assume without deciding that Chermansyah's second interview at the Indonesian Embassy occurred on July 27, 2018.

[3] The Clerk deemed deficient Plaintiffs' initial attempts to file the Complaint. (*See* Docs. 1, 2, 7, 8, 9.)

law and the Declaration of Bryan M. Giblin ("Giblin Decl."). (Docs. 34–36.) On December 4, 2019, Plaintiffs filed a memorandum of law in opposition to Defendants' motion. (Doc. 37.) Briefing on this motion was complete when Defendants filed their reply memorandum of law on December 13, 2019. (Doc. 40.)

### III. Legal Standards

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237. "A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (internal quotations and citation omitted). A court "may also consider matters of which judicial notice may be taken" in ruling on a motion to dismiss. *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). A complaint need not make "detailed factual allegations," but it must contain more than mere

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id*.

## IV. Discussion

Defendants argue that the doctrine of consular non-reviewability bars consideration of Plaintiffs' claims. Plaintiffs "agree that visa denials are generally not subject to judicial review," but "rely upon the Second Circuit case, *American Academy Of Religion v. Napolitano*, 573 F.3d 115 (2d Cir. 2009)[,] and contend that, because this matter clearly implicates a constitutional right, this matter falls into an exception to the general rule of consular non-reviewability which therefore subjects this matter to limited judicial review." (Doc. 37, at 1.)[4] I agree that this case falls under the exception articulated in *American Academy Of Religion*, but find that Defendants have identified a "facially legitimate and bona fide reason," *Mandel,* 408 U.S. at 769–70, for Chermansyah's visa denial, and must therefore grant Defendants' motion to dismiss.

### A. *Applicable Law*

The doctrine of consular non-reviewability generally bars courts from reviewing a consular officer's denial of a visa. *See Am. Acad. Of Religion*, 573 F.3d at 123; *see also Xian Yong Zeng v. Pompeo*, 740 F. App'x 9, 11 (2d Cir. 2018) (summary order). In *Kleindienst v. Mandel,* 408 U.S. 753 (1972), however, the Supreme Court identified a narrow exception to this doctrine for claims by United States citizens alleging violations of their First Amendment association rights based on the denial of visas to foreign nationals. *See Xian Yong Zeng*, 740 F. App'x at 10 (referencing the "narrow exception" to the doctrine of consular non-reviewability

---

[4] Because Plaintiffs concede that "an alien cannot assert any right to judicial review," (Doc. 37, at 4), and ask me to apply a limited exception to consular non-reviewability based only on Nusantara Foundation's First Amendment rights, Plaintiff Chermansyah's claims are dismissed without considering the application of *Mandel*.

5

"where a plaintiff alleges that the denial of a visa to a visa applicant violated the plaintiff's First Amendment right to have the applicant present his views in this Country"); *Am. Acad. Of Religion*, 573 F.3d at 125 ("[W]here a plaintiff, with standing to do so, asserts a First Amendment claim to have a visa applicant present views in this country, we should apply *Mandel* to a consular officer's denial of a visa."). The scope of such review is extremely limited, and "when the Executive exercises [its] power [] on the basis of a facially legitimate and bona fide reason, the courts will neither look behind the exercise of that discretion, nor test it by balancing its justification against the First Amendment interests of those who seek personal communication with the applicant." *Id.* (quoting *Mandel*, 408 U.S. at 769–70).

"[T]he identification of both a properly construed statute that provides a ground of exclusion and the consular officer's assurance that he or she knows or has reason to believe that the visa applicant has done something fitting within the proscribed category constitutes a facially legitimate reason. . . . [And] the absence of an allegation that the consular officer acted in bad faith satisfies the requirement that the reason is bona fide." *Id.* at 126. Regarding the adequacy of evidence supporting a consular officer's denial of a visa, courts in the Second Circuit "have to take literally the statement in *Mandel* that courts may not 'look behind' exclusion decisions, [including] . . . the consular officer's decision that a statutory ground of inadmissibility applies to the visa applicant, at least in the absence of a well supported allegation of bad faith, which would render the decision not bona fide." *Id.* at 137. In other words, a court will not question a consular officer's determination "where [the] consular officer relies on a statutory ground of inadmissibility, unless the plaintiff affirmatively proffers 'a well supported allegation of bad faith.'" *Xian Yong Zeng*, 740 F. App'x at 11 (quoting *Am. Acad. Of Religion*, 573 F.3d at 137).

6

### B.     *Application*

It is clear from the contents of the August 6, 2019 letter that Defendants have provided a "facially legitimate and bona fide reason," *Mandel,* 408 U.S. at 769–70, for Chermansyah's visa denial, and Plaintiffs' conclusory allegations to the contrary are not persuasive.  The August 6, 2019 letter from the U.S. Embassy in Jakarta explains that "[p]ursuant to Section 214(b) of the Immigration and Nationality Act, [Chermansyah] [is] presumed to be an immigrant until [she] establish[es] to the satisfaction of a consular officer that [she] [is] entitled to R1 nonimmigrant status."  (Aug. 6, 2019 Letter.)  The letter further explains that "[a] refusal under INA 214(b) is appropriate in situations where a consular officer concludes that the applicant does not intend to depart the United States upon conclusion of R status, or if she fails to establish the qualifications necessary for the religious vocation in which she intends to engage in the United States."  (*Id.*)  Additionally, the letter states that "a denial under Section 214(b) also is appropriate if an applicant fails to demonstrate that her intended activities in the United States would be consistent with the classification" sought.  (*Id.*)  The letter then explains that Chermansyah's visa was denied because "the consular officer found that [she] failed to demonstrate that [her] activities would be consistent with [her] intended visa classification and that [she] would depart the United States upon conclusion of R status."  (*Id.*)  Thus, by identifying that "[the] consular officer relie[d] on a statutory ground of inadmissibility," *Xian Yong Zeng*, 740 F. App'x at 11, Defendants have pointed to a "facially legitimate," *Am. Acad. Of Religion*, 573 F.3d at 125 (quoting *Mandel*, 408 U.S. at 769–70), reason for Chermansyah's visa denial.  *See United States v. Saipov*, 412 F. Supp. 3d 295, 301–02 (S.D.N.Y. 2019) ("Failure to establish nonimmigrant intent is a recognized ground for denial of a visa application under the Immigration and

Nationality Act . . . and the State Department's explanation for its denial of Saipov's Relatives' visa applications is therefore sufficient to satisfy *Mandel*.").

Plaintiffs offer entirely conclusory allegations in opposition to the August 6, 2019 letter, and do not even attempt to "affirmatively proffer[] 'a well supported allegation of bad faith.'" *Xian Yong Zeng*, 740 F. App'x at 11 (quoting *Am. Acad. Of Religion*, 573 F.3d at 137).  Instead, Plaintiffs "contend that the two 'reasons' provided [by Defendants] are simple boilerplate and do not provide enough information or rationale to properly explain the denial or even to allow this Court to review the matter." (Doc. 37, at 6.)  This, however, is not the proper standard of review under *Mandel*.  Accordingly, I find that Defendants have satisfied their "minimal burden of providing a bona fide reason for denying the visa, and [I] will not 'look behind the exercise of [the consulate's] discretion.'"  *Id.* (quoting *Am. Acad. Of Religion*, 573 F.3d at 125 (quoting *Mandel*, 408 U.S. at 769–70)).

## V.  Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  The Clerk of Court is respectfully directed to terminate the open motion at Document 34 and to close this case.

SO ORDERED.

Dated:  August 10, 2020
    New York, New York

*[signature]*
Vernon S. Broderick
United States District Judge